IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISE LEMELAND JESSUP, individually :
and as the Administratrix of the   :
Estate of PATRICK C. JESSUP,        :
                                    :
            Plaintiff,              :   CIVIL ACTION
      v.                            :
                                    :   NO. 12-cv-4439
CONTINENTAL MOTORS, INC., et al.,   :
                                    :
            Defendants.             :

## MEMORANDUM AND ORDER

Joyner, C.J.                        January 22, 2013

     Before the Court is the Motion to Dismiss of the United
States Department of Agriculture, Forest Service (the "Service")
and the Motion of various entities in the Teledyne corporate
family (the "Teledyne Defendants") for Leave to Amend their
third-party complaint.  For the reasons set forth in this
Memorandum, the Service's Motion is granted, the Plaintiff's
remaining claims are remanded to the Court of Common Pleas of
Philadelphia County, and the Teledyne Defendants' Motion is
denied without prejudice to its renewal in state court after
remand.

## I.  BACKGROUND

     This case is one of three pending on our docket arising out
of the tragic crash of a Cessna T210L airplane during an
attempted landing at William T. Piper Memorial Airport in Lock

1

Haven, Pennsylvania. The pilot of the airplane, as well as the two passengers, both employees of the Service, perished in the crash.

The Plaintiff, the pilot's widow and administratrix of his estate, brought this action in the Court of Common Pleas of Philadelphia County for damages, asserting a series of products liability and tort theories, against the Teledyne Defendants and various members of the Engine Components International corporate family (the "ECi Defendants") (collectively, the "Defendants"). The Teledyne Defendants answered and filed a third-party complaint in state court against the operator of the airplane, Sterling Airways, Inc. ("Sterling") and the Service. The Service subsequently removed to this Court pursuant to 28 U.S.C. § 1442. (Notice of Removal ¶ 1.) The Service answered and pleaded, among other affirmative defenses, that this Court lacks subject matter jurisdiction because the state court also lacked subject matter jurisdiction. (Service Affirmative Defenses & Other Matters ¶ 2.)

The Service now moves to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. We conclude that, because the state court lacked jurisdiction over the third-party claims against the Service, the doctrine of derivative removal jurisdiction requires that we dismiss the third-party claims against the Service for lack of

subject matter jurisdiction. Accordingly, we dismiss the claims against the Service.

We also conclude that, after dismissal of the third-party claims against the Service, we lack subject matter jurisdiction over the remainder of this case. Accordingly, we must remand the remainder of the action to the Court of Common Pleas of Philadelphia County.

## II. STANDARD OF REVIEW

Rule 12(b)(1) allows a court to dismiss a case for lack of subject matter jurisdiction. A motion pursuant to Rule 12(b)(1) affords the opportunity to challenge the Court's jurisdiction both on the face of the complaint and as a factual matter. Common Cause of Pennsylvania v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009). When considering a motion under Rule 12(b)(1), no presumption of truthfulness attaches to complaint's allegations because the issue is whether the court has power to hear the case. Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977).

## III. DISCUSSION

The Service argues that the derivative jurisdiction doctrine, which applies to removals by federal defendants pursuant to § 1442, requires that we dismiss the claims against the Service for lack of subject matter jurisdiction because the state court lacked jurisdiction to hear them. We agree and

dismiss these claims.

The Plaintiff also requests that we remand the remaining claims to state court because after dismissal of the claims against the Service this Court lacks jurisdiction to hear the remaining claims. We agree and remand the remainder of this action to state court.

Finally, we deny the Teledyne Defendants' motion for leave to amend their third-party complaint in order to add additional defendants. Because the presence of the additional allegations and defendants does not alter the conclusion that we lack subject matter jurisdiction over the third-party claims against the Service and over this case in its entirety, we deny the Teledyne Defendants' motion without prejudice to its renewal in state court.

A. Subject Matter Jurisdiction Over the Claims Against the Service

The Teledyne Defendants argue (1) the derivative jurisdiction doctrine does not apply to federal officer removals, and (2) the presence of "substantial federal issues" in this case makes the exercise of federal jurisdiction proper. Both arguments are wholly without merit and unavailing.

First, the derivative jurisdiction doctrine applies here. This doctrine formerly prevented the federal courts from exercising jurisdiction over any case removed from a state court which itself lacked jurisdiction. E.g., Arizona v. Maypenny, 451

4

U.S. 232, 243 n.17 (1981); <u>Lambert Run Coal Co. v. Baltimore &</u>
<u>Ohio R. Co.</u> (<u>Lambert Run</u>), 258 U.S. 377, 382 (1922). Congress,
in enacting 28 U.S.C. § 1441(f), abolished this doctrine with
regard to removals pursuant to 28 U.S.C. § 1441. <u>See</u> 28 U.S.C. §
1441(f) ("The court to which a civil action is removed <u>under this</u>
<u>section</u> is not precluded from hearing and determining any claim
in such civil action because the State court from which such
civil action is removed did not have jurisdiction over that
claim.") (emphasis added). We conclude, as the Third Circuit and
many other courts have, that the limiting language "removed under
this section" preserved the derivative jurisdiction doctrine in
cases removed under other sections of Chapter 89 of Title 28 of
the U.S. Code. <u>See</u> <u>Thompson v. Wheeler</u>, 898 F.2d 406, 409 n.2
(3d Cir. 1990); <u>see also</u> <u>Barnaby v. Quintos</u>, 410 F. Supp. 2d 142,
145-47 (S.D.N.Y. 2005) (collecting cases). Accordingly, we
conclude that § 1442 incorporates the derivative jurisdiction
doctrine and thereby limits the jurisdiction of the federal
courts to hear cases which federal defendants remove pursuant to
it to cases where the state court had jurisdiction.[1]

---

[1] The leading federal practice treatises arrive at the same conclusion.
16 Jeremy C. Moore, <u>et al.</u>, Moore's Federal Practice - Civil §
107.15[1][b][vi] (3d ed. 2012) ("The statutory authorization for removal by
federal agencies and officers is independent of general removal jurisdiction
and does not require that the federal court have original federal jurisdiction
apart from the statute. . . . However, this removal jurisdiction is
derivative of the state court jurisdiction. The federal court must dismiss
claims over which the state court lacked jurisdiction and remand any other
claims against other defendants.") (footnotes omitted)); 14C Charles Alan
Wright & Arthur R. Miller, <u>et al.</u>, Federal Practice and Procedure § 3726 (4th
ed. 2012) ("The discredited doctrine of derivative-jurisdiction persists in

5

Recent legislative history supports this interpretation of the scope of jurisdiction which § 1442 grants. Congress considered abrogating the derivative jurisdiction doctrine completely as recently as the drafting of the Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Pub. L. No. 112-63, 125 Stat. 758. See H.R. Rep. 112-10, at 3 (2011). Ultimately, Congress decided to "[m]aintain[] the status quo treatment of derivative jurisdiction." Id. The House Judiciary Committee report concerning the JVCA cites preserving the Department of Justice's ability to invoke the derivative jurisdiction doctrine in the precise circumstances present here, where "a defendant seeking to escape a state court forum brings a third-party action against a Federal employee," as the primary reason for preserving the doctrine. Id.

Without addressing this authority directly, the Teledyne Defendants counter that <u>Mesa v. California</u>, 489 U.S. 121 (1989) and <u>Willingham v. Morgan</u>, 395 U.S. 402 (1969) stand for the

cases removed under Section 1442, however, even though . . . Congress expressly rejected it in Section 1441, the general removal statute. Consequently, a federal court cannot exercise subject-matter jurisdiction over a case removed under Section 1442 if no subject-matter jurisdiction existed at the state level. Thus, the federal court must determine whether the state court from which the action was removed had subject-matter jurisdiction.") (footnotes omitted)). Recent authority from the Court of Appeals for the Fourth Circuit, <u>Palmer v. City Nat'l Bank</u>, 498 F.3d 236 (4th Cir. 2007), <u>cert. denied</u> 128 S. Ct. 2495 (2008), and other judges of this Court, <u>e.g.</u>, <u>Turturro v. Agusta Aerospace Corp.</u>, No. 10-2894, 2010 WL 3239199, at *2-3 (E.D. Pa. Aug. 13, 2010) (Surrick, J.), also reaches this conclusion. Although the Teledyne Defendants have cited several cases involving third-party claims against the United States or other federal defendants where no party raised the applicability of the derivative jurisdiction doctrine, we find such <u>sub silentio</u> treatment unpersuasive.

proposition that proper removal pursuant to § 1442 plus assertion of a colorable federal defense equals federal subject matter jurisdiction. We are not persuaded.

Mesa and Willingham address the scope of a federal defendant's ability to remove pursuant to § 1442; neither one addresses the scope of the jurisdictional authority which § 1442 grants to a federal court to hear a case which a federal defendant removes.[2] See Mesa, 489 U.S. at 133-34, 139;

---

[2] Indeed, close reading of Mesa reveals that the Teledyne Defendants conflate the two types of authority which § 1442 grants, one to federal defendants to remove, and the other to the federal courts to hear the removed case. Despite certain language in Mesa which refers to § 1442 as a "pure jurisdictional statute" and thereby lends the Teledyne Defendants' position some persuasive force, see 489 U.S. at 136-37, Mesa solely concerns the ability of federal defendants to remove, see id. at 133-35, 139. We concern ourselves now solely with whether jurisdiction to hear the removed case exists.

It is axiomatic that federal subject matter jurisdiction requires both Article III constitutional authority and Congressionally granted statutory authority. Mesa holds that the assertion of the United States, or its officers or agencies, of a colorable federal defense provides the original federal ingredient necessary for Article III to authorize jurisdiction over a case removed pursuant to § 1442. 489 U.S. at 136-37. Mesa reached this holding in order to reject the government's argument that § 1442 permits a federal defendant to remove without averment of a federal defense, reasoning that allowing removal in such circumstances would allow removal of a case which Article III did not permit the federal court to hear because it would, without such a federal defense, lack an original federal ingredient. See id.

The Mesa Court therefore addressed the scope of removal pursuant to § 1442, not the scope of jurisdiction which Congress has granted the federal courts to hear cases removed pursuant to § 1442. The Mesa Court faced no question about the scope of jurisdiction which § 1442 grants and did not address that matter.

Moreover, the Mesa Court's reference to § 1442 as a "pure jurisdictional statute" supports the conclusion we reach. Section 1442 does grant federal courts jurisdiction to hear cases removed pursuant to § 1442. See id. Congress may expand or contract the scope of jurisdiction which § 1442, or any other jurisdictional statute, grants. See U.S. Const. Art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish.") (emphasis added). And, as we discussed above, Congress, legislating against the backdrop of the derivative jurisdiction doctrine, has declined to abrogate that doctrine in cases removed pursuant to § 1442. Subject matter therefore does not exist here because Congress, by not abrogating the derivative jurisdiction doctrine in cases removed pursuant to § 1442, has not statutorily authorized the federal courts to hear cases in these

Willingham, 395 U.S. at 406-407. And, because § 1442, in contrast to § 1441, does not predicate removability on this Court's original jurisdiction, it follows that a case removable pursuant to § 1442 may nonetheless fall outside this Court's jurisdiction. Compare 28 U.S.C. § 1441(a) with 28 U.S.C. § 1442(a). We conclude that the derivative jurisdiction doctrine applies to render this just such a case which a federal defendant may remove but which nonetheless falls outside our statutorily authorized jurisdiction to hear the case after removal.

Second, the Teledyne Defendants' attempt to invoke the "substantial federal issues" in this case fails. The Teledyne Defendants point to no statutory authorization for the federal courts to hear cases which have some critical mass of federal issues.[3] Because the derivative jurisdiction doctrine applies here, we conclude that Congress has not authorized us to hear this case pursuant to § 1442 no matter how many federal issues appear in this case or how substantial they might be. Accordingly, we must grant the Service's motion and dismiss the claims against it.

B.  Subject Matter Jurisdiction Over the Remaining Claims

---

circumstances, not because Congress lacks Article III power to authorize the federal courts to hear such cases.

   [3] To the extent that the Teledyne Defendants intended, albeit without citation, to invoke the doctrine of Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg. (Grable), 545 U.S. 308 (2005), we are not persuaded. The Teledyne Defendants have identified no issues in this action which "turn on substantial questions of federal law." Grable, 545 U.S. at 312.

Because we lack subject matter jurisdiction over the Teledyne Defendants' third-party claims against the Service, it follows that the only properly identified basis for removal no longer exists. We therefore lack subject matter jurisdiction over the remaining claims, and the Plaintiff's request that we remand the remainder of this action to state court is appropriate.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[4] 28 U.S.C. § 1447(c). In removed cases, a federal court may only exercise jurisdiction on a basis which the removing party has alleged in its notice of removal.[5] See USX Corp. v. Adriatic Ins. Co. (USX), 345 F.3d 190, 205-206 & n.11 (3d Cir. 2003), cert. denied 541 U.S. 903 (2004); see also In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 590 (4th Cir. 2006), cert. denied 549 U.S. 1260 (2007); Ervast v. Flexible

---

[4] After final judgment, the relevant inquiry is whether the federal court could have exercised original jurisdiction over the claim or claims underpinning the judgment. Caterpillar Inc. v. Lewis, 519 U.S. 61, 64, 70, 75 (1996); Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699, 704 (1972). Because we address the question of jurisdiction prior to final judgment, Lewis and Grubbs have no application here.

[5] Some authority from outside the Third Circuit is to the contrary. E.g., Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). We are bound by the Third Circuit's treatment of this question in USX. Even were we not so bound, we would conclude the same based on the substantial authority applying the statutory right to amend defective allegations of jurisdiction, see 28 U.S.C. § 1653, to notices of removal, see, e.g., USX, 345 F.3d at 204-206 (collecting cases); if a court could exercise jurisdiction on a basis pleaded imperfectly or not pleaded at all in a notice of removal, no party or court would have need to invoke § 1653 or consider the propriety of amendments to a notice of removal at all.

<u>Prods. Co.</u>, 346 F.3d 1007, 1012 n. 7 (11th Cir. 2003); <u>Arancio v. Prudential Ins. Co. of America</u>, 247 F. Supp. 2d 333, 337 (S.D.N.Y. 2002); <u>Lastih v. Elk Corp. of Ala.</u>, 140 F. Supp. 2d 166, 168 (D. Conn. 2001) (Dorsey, J.); 14C Charles Alan Wright & Arthur R. Miller, <u>et al.</u>, Federal Practice and Procedure § 3733 (4th ed. 2012) ("In most circumstances . . . defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred basis of removal."). This rule accords with the fundamental principle that the party seeking to establish federal jurisdiction bears the burden to do so.[6] <u>See</u>, <u>e.g.</u>, <u>Steel Valley Auth. v. Union Switch & Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir. 1987).

This rule applies with even greater force when the party seeking federal jurisdiction has neither filed nor joined in a notice of removal at all.[7] <u>J.S.R. v. Washington Hosp. Ctr. Corp.</u>, 667 F. Supp. 2d 83, 85 (D.D.C. 2009). In <u>J.S.R.</u>, a federal defendant removed pursuant to § 1442, and the court dismissed the federal defendant for lack of subject matter

_____

[6] Other judges of this Court have applied this rule as well, reasoning that the failure to state a potential basis for federal jurisdiction in a notice of removal constitutes waiver of any reliance on such jurisdictional basis. <u>See</u>, <u>e.g.</u>, <u>Egger v. Marriott Intern., Inc.</u>, No. 10-6274, 2011 WL 6133280, at *3 (E.D. Pa. Dec. 8, 2011) (Surrick, J.); <u>see also</u> <u>Kovach v. Coventry Health Care, Inc.</u>, No. 2:10-cv-00536, 2011 WL 284174, at *6 (W.D. Pa. Jan. 25, 2011).

[7] Sound policy reasons also exist for applying this rule with even greater force when a defendant seeking a federal forum files third-party claims against the United States. Any other holding would enable unwarranted defeat of a plaintiff's choice of forum which Congress did not intend to authorize. <u>See</u> H.R. Rep. No. 112-10, at 3 (2011).

jurisdiction.  <u>Id.</u> at 85.  Several non-federal defendants nonetheless asserted that remand was improper because diversity jurisdiction existed.  <u>Id.</u>  The court remanded, concluding "[t]he fact that Non-federal Defendants might have removed the case on the basis of diversity is irrelevant-that factual scenario simply never existed."  <u>Id.</u>

We confront substantially the same circumstances as the <u>J.S.R.</u> court.  The Service is the only party that ever filed a notice of removal.  We have concluded that the doctrine of derivative jurisdiction precludes us from exercising jurisdiction over the claims against the Service.  The Teledyne Defendants nonetheless argue that jurisdiction is proper because we have diversity jurisdiction over the remaining parties.[8]  Because this basis for federal jurisdiction appears nowhere in the Service's notice of removal, we reject the argument.

Notably, the Service's notice of removal does not plead that jurisdiction over this case is proper in this Court at all.  (<u>See</u> Notice of Removal ¶¶ 1-8 (pleading only that <u>removal</u> is proper pursuant to § 1442).  Neither diversity jurisdiction nor any

---

[8] The Teledyne Defendants have also argued, in the alternative, that supplemental jurisdiction exists over the remaining claims.  Supplemental jurisdiction does not apply when the court lacks subject matter jurisdiction over the federal anchor claim which might otherwise give rise to supplemental jurisdiction over other state law claims.  <u>Beazer East, Inc. v. Mead Corp.</u>, 525 F.3d 255, 260 n.7 (3d Cir. 2008).  Accordingly, because we must dismiss, for lack of subject matter jurisdiction, the claims against the Service which might otherwise give rise to supplemental jurisdiction over the remaining claims, we may not exercise supplemental jurisdiction over the remaining claims.  <u>See id.</u>

other plausible basis for jurisdiction appears in the only operative notice of removal, the one which the Service filed.[9] See id. Accordingly, we lack subject matter jurisdiction over the remainder of this case in its entirety, and we must remand. See 28 U.S.C. § 1447(c).

## C. The Teledyne Defendants' Motion to Amend

The Teledyne Defendants have also moved to amend their third-party complaint so as to add as third-party defendants certain individual federal officers. The Plaintiff and the Service have opposed. The proposed amendment does not remedy the jurisdictional defect in the third-party claims against the Service, nor does it remedy the absence of a plausible jurisdictional basis in the only operative notice of removal. Accordingly, given that we remand the remainder of this action to state court, we deem it most appropriate to deny the Teledyne Defendants' motion to amend without prejudice to its re-filing in state court.

## IV. CONCLUSION

For the reasons so stated, the Service's Motion is granted, the Plaintiff's remaining claims are remanded to the Court of

---

[9] Although it is proper to permit parties to amend a notice of removal which has technical defects in its jurisdictional allegations, e.g. USX, 345 F.3d at 203-206 (citing, inter alia, 28 U.S.C. § 1653), we may not do so here. None of the remaining parties has filed a notice of removal. This defect is far from technical. Moreover, if we considered this defect merely technical such that amendment of the notice of removal might be proper, the Teledyne Defendants have never filed, or even sought to file, a notice of removal or an amendment to the Service's notice of removal, so there is nothing for them to amend nor any proposed amendment for us to consider.

Common Pleas of Philadelphia County, and the Teledyne Defendants'

Motion is denied without prejudice to its renewal in state court.

An appropriate order follows.